**GRAIF BARRETT & MATURA, P.C.**
Kevin C. Barrett, State Bar No. 020104
Jeffrey C. Matura, State Bar No. 019893
1850 North Central Avenue, Suite 500
Phoenix, Arizona 85004
Telephone: 602-792-5700
Facsimile: 602-792-5710

Attorneys for BBK Tobacco & Foods, LLP,
 d/b/a HBI International

Email Addresses:  kbarrett@gbmlawpc.com
                          jmatura@gbmlawpc.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| BBK Tobacco & Foods, LLP, an Arizona limited liability partnership, d/b/a HBI International, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Jury Trial Demanded)** |
| Rodawg, LLC, a Florida limited liability company, | |
| Defendant. | |

### DESCRIPTION OF ACTION

1.     This is an action by BBK Tobacco & Foods, LLP dba HBI International ("HBI International") against Rodawg, LLC ("Rodawg") for trademark infringement and unfair competition.  HBI International seeks injunctive relief and damages for trademark infringement under the Lanham Act, 15 U.S.C. §1114 and for unfair competition under 15 U.S.C. § 1125(a) and the common law of the State of Arizona.

### THE PARTIES

2.     Plaintiff BBK Tobacco & Foods, LLP is an Arizona limited liability partnership.  It is incorporated in Arizona, has its principal place of business in Arizona, and does business under the name "HBI International."

3.     Defendant Rodawg is organized under the laws of the State of Florida and has its principal place of business in Florida.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.  This case primarily involves a federal question, complete diversity of citizenship exists, and the amount in controversy exceeds $75,000.

5.     Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391(a).

6.     Defendant is subject to general and specific jurisdiction of this Court by virtue of their substantial contacts with Arizona, including, but not limited to, doing business in Arizona, marketing its products to consumers in Arizona, and operating an active website through which consumers in Arizona can purchase Rodawg's infringing products.

## COMMON ALLEGATIONS

1.     HBI International is in the business of designing, marketing, and selling tobacco-related products, including loose tobacco, rolling papers, and cigars.

2.     In 2002, HBI International launched a new brand of rolling paper, called "RAW."  In 2005, HBI International began mass marketing "RAW."  HBI International's line of RAW products has since grown to include cotton filters and pre-rolled cigarette papers.   HBI International sold all these products before defendant engaged in its improper acts, as described below.

3.     Since mass marketing RAW-branded products in 2005, HBI International has continuously used the RAW name and mark in connection with its RAW line of products in various advertising and promotional materials.

4.     HBI International owns various RAW-related copyrights, including TX0006539144 and TX0006626247, and federal trademark registration for "RAW," No.

2989221 and 4074036, "SUPERNATURAL RAW," No. 4041076, as well as the pending application for "RAW ARTESANO," Serial No. 85615862.

5.    HBI International has spent significant sums of money and expended significant efforts to promote its RAW line of products and RAW marks.   HBI International's promotional efforts include, for example, internet advertising, point of sale materials, sponsorships, contests, and attendance at trade shows.   The RAW marks are prominently featured in advertisements and promotions for RAW products.

6.    As a result of HBI International's substantial use and promotion of the RAW marks, HBI International has acquired great value as an identifier of HBI International's products, which serve to distinguish HBI International's RAW line of products from those of its competitors.   Customers in this Judicial District and elsewhere readily recognize HBI International's RAW marks as a distinctive designation of the origin of HBI International's RAW line of products.   The RAW marks are an asset of significant value as a symbol of HBI International and its quality products and goodwill.

7.    Rodawg is in the business of designing, manufacturing, marketing, selling, and distributing tobacco-related products, including cigarette tubes and cigarette cases.

8.    The term "rodawg" is slang derived from the phrase "That's raw, dog!" which is commonly used by certain segments of HBI International's customer base as an affirmative or positive statement.

9.    Defendant's use of the term "rodawg" is designed to evoke the word "raw" in the original phrase, and its use on tobacco-related products is intended to play off of HBI International's well-known RAW-related marks.

10.    Without permission or authority from HBI International, defendant has infringed upon HBI International's RAW marks in interstate commerce by making, using, promoting, advertising, distributing, selling, and offering to sell products under the brand name "Rodawg" (the "Infringing Mark.")

11. Upon information and belief, defendant's use of the Infringing Mark is intended to trade upon the goodwill and substantial recognition associated with HBI International's RAW line of products.

12. Upon information and belief, defendant is using the Infringing Mark to associate themselves with HBI International or otherwise trade upon HBI International's reputation.

13. Upon information and belief, defendant's use of the Infringing Mark is intended to cause confusion, mistake, or deception.

14. Upon information and belief, defendant intends to cause consumers and potential customers to believe that defendant's products are associated with HBI International's RAW products when, in fact, defendant's products are not.

15. By virtue of the acts outlined herein, defendant has created a likelihood of injury to HBI International's business reputation, caused both actual confusion and the strong likelihood of consumer confusion as to the source of origin and of the relationship of HBI International's and defendant's goods, and has otherwise competed unfairly with HBI International.

16. Upon information and belief, defendant's acts outlined herein are willful and deliberate.

17. Defendant's acts outlined herein have caused damage to HBI International in an amount to be determined at trial, and such damages will continue to increase unless and until defendant is enjoined from its wrongful conduct.

18. Defendant's acts outlined herein have caused HBI International to suffer irreparable injury to its business. HBI International will suffer a substantial loss of goodwill and reputation unless and until defendant is preliminarily and permanently enjoined from the wrongful actions outlined herein.

///

///

///

4

## First Cause of Action

### (Trademark Infringement and False Designation of Origin)
### (15 U.S.C. § 1125(a))

19.    HBI International realleges and incorporates by reference the above paragraphs of this Complaint as though fully set forth herein.

20.    This is an action for trademark infringement and false designation of origin arising under 15 U.S.C. § 1125(a).

21.    Defendant created a false designation of origin by using in commerce, without HBI International's permission, marks confusingly similar to HBI International's RAW marks in connection with the advertisement, offering for sale, and sale of defendant's "Rodawg"-branded products.  Upon information and belief, defendant did so with the intent to compete against HBI International, to trade upon HBI International's reputation and goodwill by causing consumer confusion and mistake, and to deceive the public into believing that defendant's products are associated with, sponsored by, or approved by HBI International, when they are not.

22.    HBI International's RAW marks are non-functional, are inherently distinctive, and have acquired substantial secondary meaning in the marketplace.

23.    Defendant's products sold with the Infringing Mark are confusingly similar to HBI International's RAW line of tobacco products.  Defendant has infringed upon HBI International's RAW marks and created a false designation of origin by manufacturing, distributing, selling, and promoting in commerce, without HBI International's permission, products containing the Infringing Mark.  Upon information and belief, defendant did so with the intent to compete against HBI International, to trade upon HBI International's reputation and goodwill by causing consumer confusion and mistake, and to deceive the public into believing that defendant's products are associated with, sponsored by, or approved by HBI International, when they are not.

24.    Upon information and belief, defendant had actual knowledge of HBI International's ownership and prior use of HBI International's RAW marks, and without

1  HBI International's consent, has willfully violated 15 U.S.C. § 1125(a).

2      25.    Defendant's aforementioned acts have irreparably injured HBI International

3  and damaged HBI International in an amount to be determined at trial.  Such irreparable

4  injury will continue unless and until defendant is preliminarily and permanently enjoined

5  by this Court from further violation of HBI International's rights, for which HBI

6  International has no adequate remedy at law.

7  **Second Cause of Action**

8  **(Unfair Competition under Arizona Common Law)**

9      26.    HBI International realleges and incorporates by reference the above

10  paragraphs of this Complaint as though fully set forth herein.

11      27.    This is an action for common law unfair competition arising under the

12  common law of the State of Arizona.

13      28.    By virtue of the acts outlined herein, defendant has intentionally caused a

14  likelihood of confusion among the public and has unfairly competed with HBI

15  International in violation of the common law of the State of Arizona.

16      29.    Defendant's willful acts of unfair competition have caused damage and

17  irreparable injury to HBI International in an amount to be determined at trial.

18      30.    Defendant's willful acts of unfair competition under Arizona common law

19  constitute fraud, oppression, and malice.  Accordingly, HBI International is entitled to

20  exemplary damages.

21  **Prayer for Relief**

22      WHEREFORE, HBI International prays for judgment against Rodawg as follows:

23      A.    That the Court enter judgment in favor of HBI International and against

24  defendant on all causes of action alleged herein;

25      B.    That the Court enter judgment that defendant has willfully violated the

26  provisions of 15 U.S.C. §1125 by infringing upon HBI International's RAW mark

27  through the marketing, sale, and promotion of products bearing the Infringing Mark;

28      C.    That defendant be adjudged to have willfully violated the provisions of 15

U.S.C. § 1125 by using false designation of origin, false description, or false representation in connection with its products;

D.    That defendant be adjudged to have unfairly competed with HBI International under the common law of the State of Arizona;

E.    That defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

    1.    Using the Infringing Mark in connection with defendant's goods, in advertising or promoting defendant's goods, and/or using confusingly similar variations of the RAW marks in any manner that is likely to create the impression that defendant's goods originate from HBI International, are endorsed by HBI International, or are in any way connected to HBI International;

    2.    Otherwise infringing upon the RAW marks;

    3.    Unfairly competing with HBI International in any manner whatsoever; and

    4.    Causing a likelihood of confusion or injury to HBI International's business reputation;

F.    That defendant be directed to file with this Court and serve upon HBI International within thirty (30) days after the service of the injunction, a report, in writing, under oath, and setting forth in detail the manner and form in which defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

G.    That defendant be required to account to HBI International for any and all profits derived by defendant's use of the infringing mark and all damages sustained by HBI International by virtue of defendant's acts outlined herein;

H.    That defendant be ordered to pay over to HBI International all damages which HBI International has sustained as a consequence of the acts outlined herein,

1    subject to proof at trial;

2         I.    That HBI International be awarded treble damages pursuant to 15 U.S.C. §

3    1117;

4         J.    That HBI International be awarded exemplary damages from defendant;

5         K.    That an award of reasonable costs, expenses, and attorneys' fees be

6    awarded to HBI International;

7         L.    That defendant be required to deliver and destroy all devices, literature,

8    advertising, goods, and other materials bearing the infringing mark pursuant to 15 U.S.C.

9    § 1118; and

10        M.    That HBI International be awarded such other and further relief as this

11   Court may deem just.

12                                    **<u>Jury Trial Demand</u>**

13        HBI International demands a jury trial on all claims that support such a demand.

14        RESPECTFULLY SUBMITTED this 13th day of December, 2012.

15                                    **GRAIF BARRETT & MATURA, P.C.**

16

17                        By:   /s/ Kevin C. Barrett

18                              Kevin C. Barrett
                                Jeffrey C. Matura
19                              1850 North Central Ave., Suite 500
                                Phoenix, Arizona 85004
20                              Attorneys for Plaintiff BBK Tobacco &
                                Foods, LLP, d/b/a HBI International

21

22

23

24

25

26

27

28